UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM HAROLD WRIGHT, JR.,

                Petitioner,

-against-

JAMAL L. JAMISON,

                Respondent.

23-CV-1570 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner, who is currently incarcerated at FCI Otisville, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. Petitioner challenges his conviction in the United States District Court for the Middle District of Florida. *See United States v. Wright*, No. 8:16-CR-0422 (KKM) (SPF) (M.D. Fla. June 22, 2018), *aff'd*, No. 18-12678 (11th Cir. Sept. 2, 2020). He alleges that his indictment was constitutionally defective. For the following reasons, this action is transferred to the United States District Court for the Middle District of Florida.

      Petitioner brings this application under 28 U.S.C. § 2241. Because Petitioner is challenging the validity of his sentence rather than its execution, the proper vehicle for this petition may be 28 U.S.C. § 2255.[1] *See Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence."). The Court declines to treat this application as a motion under Section 2255; however, nothing in this order should interfere with the transferee court's discretion to construe this petition liberally and to notify Petitioner of such recharacterization. *See Castro v. United*

---

[1] On November 12, 2021, Petitioner filed a Section 2255 motion in the trial court. *See Wright v. United States*, No. 8:21-CV-2691 (KKM) (SPF) (M.D. Fla. Feb. 15, 2023). At the time Petitioner filed this petition by placing it into the prison mail system on February 13, 2023, his Section 2255 motion was pending. On February 15, 2023, the Middle District of Florida denied Petitioner's Section 2255 motion. *See id.*

*States*, 540 U.S. 375, 383 (2003); *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (per curiam). However, because Petitioner was convicted and sentenced in the United States District Court for the Middle District of Florida, under Local Civil Rule 83.3, this case is hereby transferred to the Middle District of Florida.

## CONCLUSION

In the interest of justice, the Court directs the Clerk of Court to transfer this action to the United States District Court for the Middle District of Florida. *See* 28 U.S.C. § 1631.

Whether Petitioner should be permitted to proceed further without payment of fees is a determination to be made by the transferee court. This order closes this case in this court.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 1, 2023
         New York, New York

                                               /s/ Laura Taylor Swain
                                               LAURA TAYLOR SWAIN
                                               Chief United States District Judge