UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM HAROLD WRIGHT, JR.,

                Petitioner,

    -against-

JAMAL L. JAMISON,

               Respondent.

23-CV-1570 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner filed this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, challenging his conviction in the United States District Court for the Middle District of Florida. *See United States v. Wright*, No. 8:16-CR-0422 (KKM) (SPF) (M.D. Fla. June 22, 2018), *aff'd*, No. 18-12678 (11th Cir. Sept. 2, 2020). Because Petitioner was challenging the validity of his sentence rather that its execution, by order dated March 1, 2023, the Court determined that the proper vehicle for the petition was 28 U.S.C. § 2255, and, under Local Civil Rule 83.3, directed that the action be transferred to the Middle District of Florida, which is where Petitioner was convicted and sentenced.[1] On the same day, March 1, 2023, this case was electronically transferred to the Middle District of Florida. On March 13, 2023, the Middle District of Florida acknowledged receipt of the case.[2] Petitioner's case in that court was assigned docket number 8:23-CV-0539.

---

[1] On November 12, 2021, Petitioner filed a Section 2255 motion in the trial court. *See Wright v. United States*, No. 8:21-CV-2691 (KKM) (SPF) (M.D. Fla. Feb. 15, 2023). At the time Petitioner filed his petition in this court on February 13, 2023, his Section 2255 motion was pending. On February 15, 2023, the Middle District of Florida denied Petitioner's Section 2255 motion. *See id.*

[2] After the transfer order was entered, Petitioner submitted to this court a check for the $5.00 filing fee. Because this case is closed, by order dated March 13, 2023, the Court directed the Clerk of Court to return the check to Petitioner and instructed Petitioner to direct any

On March 24, 2023,[3] Petitioner filed a motion for reconsideration in which he appears to challenge both this Court's March 1, 2023, transfer order and the Middle District of Florida's February 15, 2023, order denying his Section 2255 motion in that court. Because this Court no longer has jurisdiction of the action, Petitioner must make any motion challenging the transfer order in the Middle District of Florida. Any challenge Petitioner is making to the Middle District of Florida's February 15, 2023, denial of his Section 2255 motion must also be made in the Middle District of Florida.

## DISCUSSION

The transfer of a case divests the transferor court of jurisdiction over the action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on motion following physical transfer of case). The transferor court retains jurisdiction over the action only if the party seeking review acts to stay the transfer "prior to receipt of the action's papers by the clerk of the transferee court." *Warrick v. Gen. Electric Co.*, 40 F.3d 736, 739 (2d Cir. 1995).

The Court directed that this matter be transferred to the Middle District of Florida on March 1, 2023, and the Clerk of Court electronically transferred the case to the Middle District of Florida on the same day. On March 13, 2023, the Middle District of Florida acknowledged

---

questions relating to payment of the filing fee for this action to the Middle District of Florida. (ECF 4)

[3] Under the "prison mailbox rule," courts generally treat documents submitted by individuals who are incarcerated as deemed filed on the date that the individual delivers the document to prison authorities for mailing. *Noble v. Kelly*, 246 F.3d 93, 97-98 (2d Cir. 2001). Where such a litigant does not include the date he delivered his documents to prison authorities, courts generally rely on the signature date as the date the documents were delivered. *See Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) ("[I]n the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing."). Here, Petitioner dates his motion March 24, 2023. (ECF 6, at 33.) The court received the motion on March 27, 2023.

receipt of the case. Petitioner filed his motion for reconsideration when he placed it into the prison mailing system on March 24, 2023. Because this court no longer has jurisdiction of the action, if Petitioner wishes to challenge the transfer, he must do so in the Middle District of Florida. Any other relief that Petitioner seeks, including relief from the Middle District of Florida's denial of his Section 2255 motion, must also be requested in the appropriate action in the Middle District of Florida. The Court denies Petitioner's request for reconsideration of the order transferring this action.

## CONCLUSION

Petitioner's motion for reconsideration (ECF 6) is denied. The Clerk of Court is directed not to accept any further submissions under this docket number except for papers directed to the United States Court of Appeals for the Second Circuit.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 28, 2023
         New York, New York

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge